**In the Matter of A.W., a Minor.**
**Decided August 4, 1999**

## OPINION

Before TSO, Chief Justice, BLUEHOUSE and AUSTIN, Associate Justices.

Carolyn Crinkley, Esq., DNA-People's Legal Services, Inc., Chinle, Arizona, for the Appellant; Franklin Dennison, Esq., Navajo Nation Prosecutor's Office, Chinle, Arizona, for the Appellee.

Opinion delivered by AUSTIN, Associate Justice.

This matter comes before the Supreme Court on appeal from the Chinle Children's Court's order denying appellant's petition for a writ of habeas corpus.

The Court must address two issues in this appeal. The first is whether the Navajo Nation denied A.W. his basic rights as set out in the Navajo Children's Code, 9 N.T.C. §§ 1107, 1109, and 1113 (1985 Cumm. Supp.). The second issue is whether the Chinle Children's Court violated A.W.'s right to due process.

### I

On February 24, 1986, at 6:14 p.m., the Navajo police stopped A.W. (the 13-year-old appellant child) as he was driving a 1974 blue Pontiac sedan in Chinle, Arizona. The officers noticed that the appellant was driving at a slow rate of speed in a weaving pattern. The officers smelled an odor of alcohol on the appellant's breath and administered a field sobriety test, which the appellant failed to pass. The officers found twenty-one (21) cans of 16 fluid ounce beer inside the vehicle. The officers took the appellant into custody for "Operating [a motor vehicle] Under the Influence of Intoxicating Liquor" (14 N.T.C. § 456 (1977)), "Driving without a License" (14 N.T.C. § 902 (1977)), and "Possession of Liquor" (17 N.T.C. § 410 (1985 Cumm. Supp.)).[1] The Police did not advise the appellant of his right against self-incrimination at the time he was taken into custody.

The police drove the appellant to the Chinle Police Station where the appellant was detained. The police notified the appellant's mother by telephone, at

---

1. The Chinle Children's Court case numbers for the charges against A.W. are: for "Operating Under the Influence of Intoxicating Liquor" CH-DL-24-86, for "Driving without a License" CH-DL-25-86, and for "Possession of Liquor" CH-DL-26-86.

10:55 p.m., of her son's detention. The appellant spent the night of February 24, 1986, in a room within the Chinle Police Station, containing only a table and chairs; no bed, blanket or food was provided to the appellant child. The record shows no reason why the appellant's mother failed that night to go to the police station for her son.

On February 25, 1986, at 3:00 p.m., the presenting officer filed four petitions for the finding of a delinquent child against the appellant in the Chinle Children's Court. The same day, at the appellant's preliminary hearing, the Chinle Children's Court asked the appellant to plead to the charges brought against him.[2] The record is unclear as to what rights were explained to the appellant by the children's court judge. Without the assistance of his parent,[3] a guardian, or counsel, the appellant pled guilty to all of the offenses. Only the judge, the presenting officer, the probation officer, and the appellant were present at the preliminary hearing. The record does not show that anyone was sworn in. The court did not afford the appellant an opportunity to cross-examine witnesses. The court accepted the guilty pleas to "Operating [a motor vehicle] Under the Influence of Intoxicating Liquor," "Driving without a License" and "Public Intoxication." The court suspended the charges for driving without a license and public intoxication pending the receipt of an investigative report by the Chinle Social Services Unit. For operating a motor vehicle under the influence of intoxicating liquor, the court ordered that the appellant be detained in the St. Johns Juvenile Detention Facility in St. Johns, Arizona for not more than ten (10) days. The St. Johns facility is located outside the boundaries of the Navajo Nation.

As to the fourth charge, "Possession of Liquor," on February 26, 1986, the court scheduled an April 9, 1986 adjudicatory hearing. On March 4, 1986, the court appointed counsel to represent the appellant at the adjudicatory hearing. On April 9, 1986, appointed counsel filed an entry of appearance and a motion for continuance. The court granted the continuance the same day.

On April 11, 1986, the court rescheduled the adjudicatory hearing for May 13, 1986. At the May 13, 1986 hearing, both the appellant and the appellee brought to the court's attention a mutual "Motion to Withdraw Pleas of Guilty" (to the other three charges). Both counsels stipulated that all four charges be included in a proposed consent decree. Both counsels agreed that it would be in the best interest of the child if he knew that all pending charges would be dismissed as long as he met the decree's conditions. At the hearing, the court granted the consent decree only for the possession of liquor charge. The court took no action on the other three pending charges. However, at the February 25, 1986 preliminary hearing, the Chinle Children's Court retained jurisdiction

---

2. The appellant was also charged with "Public Intoxication" (17 N.T.C. § 488 (1988 Cumm. Supp.)) from a February 2, 1986 incident in Many Farms, Arizona. The Navajo Police took the appellant into custody at 5:52 p.m. and released him to his mother the same day at 10:42 p.m. The Chinle Children's Court case number for A.W.'s "Public Intoxication" offense is CH-DL-27-86 .

3. A.W.'s mother never received written notification of her son's February 25, 1986 preliminary hearing.

over the pending causes.

On May 13, 1986, the appellant filed a petition for a writ of habeas corpus with the Chinle Children's Court. The petition asked the court to dismiss the three charges not included in the May 13, 1986 consent decree. The court denied the petition on July 5, 1986. On August 8, 1986, the appellant filed this appeal.

## II

The Navajo Children's Code states one of its foremost purposes in 9 N.T.C. § 1001(1) (1985 Cumm. Supp.): "To preserve and restore the unity of the family whenever possible; to provide for the care, protection and wholesome mental and physical development of children coming within the provisions of the Children's Code." The Court is now asked to interpret certain provisions of the Navajo Children's Code and to determine the extent to which due process must be followed in juvenile proceedings.

## A

The Navajo Children's Code establishes strict guidelines for the temporary detention of children alleged to be delinquent. 9 N.T.C. § 1109(a) (2), and (3) (1985 Cumm. Supp.) states that:

(a) A person taking a child into temporary custody shall, with all reasonable speed:

****

(2) In the case of an alleged delinquent or child in need of supervision, release the child to the child's parent, guardian or custodian upon a written promise to bring the child before the court when requested by the court. If the parent, guardian or custodian fails when requested, to bring the child before the court as promised, the court may order the child taken into custody and brought before the court; or

(3) In the case of an alleged delinquent or child in need of supervision, deliver the child to the probation office or to a place of detention designated by the court.

We hold that according to 9 N.T.C. § 1109(a) (2), the police should have first attempted to release the appellant to his parent. If the appellant's parent was not available, the police should have followed 9 N.T.C. § 1109(a) (3) and delivered the appellant "to the probation office or to a place of detention designated by the court."

We find that the appellant's February 24, 1986 detention, in the Chinle Police Station, violated these guidelines. The record does not show that the Chinle Police Station was certified by the children's court, or by any other designated agency, for the detention of juveniles. As such, we hold that the detention denied

the appellant his right to be held at a facility designated and certified by the children's court. Although the appellant did not argue that his detention was cruel and unusual, we also hold that at the minimum a detained juvenile must be provided with a padded area to lie on, a blanket, and food to eat to comply with the Navajo Bill of Rights section against cruel and unusual punishment. 1 N.T.C. § 9 (1986 amend.).

The detention of juveniles must follow the guidelines as set out in the Navajo Children's Code. As juvenile proceedings are not criminal but rather civil in nature, juvenile detention must not be viewed as punitive. 9 N.T.C. § 1173 (1977). The doctrine of parens patriae allows the Navajo Nation to hold delinquent children in protective custody. The protective custody of juveniles must be humane and must provide for "the care, protection and wholesome mental and physical development" of those children who are detained. 9 N.T.C. § 1001(1) (1985 Cumm. Supp.).

Although this case does not involve the tragic result that often follows unsafe and unsupervised juvenile detention, we would like to emphasize a major reason behind these detention guidelines. Juveniles who are taken into custody experience a gamut of emotions from fear to embarrassment to anger. They have not developed the maturity needed to deal with these emotions and all too often suicide is the result. We, as a Nation, must fulfill our duty to protect our children; therefore, this Court will carefully scrutinize any questions regarding the detention of a juvenile.

B

The procedural guidelines that must be followed when a child is taken into custody and detained are set out in 9 N.T.C. §§ 1105, 1107, 1109, 1110, 1111, 1113 (1985 Cumm. Supp.). First, the person taking the child into custody for an alleged delinquent act must inform him or her of his or her miranda rights. 9 N.T.C. § 1107(a) (1985 Cumm. Supp.). All during the detention procedure, the child shall not be questioned except to determine the child's identity and to determine the name of the child's parents or legal guardian. 9 N.T.C. § 1107(a).

Once the child is delivered to the probation office or to a place of detention designated by the court, the second step is that the probation officer must review the need for detention before the child is actually placed in detention. 9 N.T.C. § 1109(b). If the probation officer views the detention as unnecessary under the criteria set forth in 9 N.T.C. § 1110 (1985 Cumm. Supp.), then the child shall be released from custody. 9 N.T.C. § 1109(b).

Third, the person taking the child into custody must give written notice to the child's parent, guardian or custodian, and to the court "as soon as possible, and in no case later than seventy-two hours," after the child is taken into custody. 9 N.T.C. § 1109(d). This notice shall also contain a statement of the reasons for taking the child into custody. *Id.* Fourth, the presenting officer must file a petition within forty-eight (48) hours from the time the child is taken into custody. 9

N.T.C. § 1113(a) (l). Fifth, the court shall hold a detention hearing within twenty-four (24) hours of the filing of the petition to determine whether continued detention is required. 9 N.T.C. § 1113(a) (2). The court must give written notification of the detention hearing to the child's parents, guardian or custodian. 9 N.T.C. § 1113(c). If the petition alleges that the child is a delinquent child or in need of supervision, the court must also give notice to the child himself. *Id.* And last, the judge must advise all parties of their basic rights provided for in the Children's Code and shall appoint counsel, guardians and custodians if appropriate. 9 N.T.C. § 1113(d).

In this case, the child was never given his miranda rights. 9 N.T.C. § 1107(a). The probation officer never reviewed the need for detention. 9 N.T.C. § 1109(b). The officer never gave the appellant's mother written notification of taking the child into custody nor a statement of the reasons for taking the child into custody. 9 N.T.C. § 1109(d). The presenting officer did file a petition with the court asking that a detention hearing be held within twenty-four (24) hours; however, the court chose instead to hold a preliminary hearing. Title 9, N.T.C., § 1113 (a)(2) states that it is not within the court's discretion to hold a detention hearing, but rather that "[a] detention hearing shall be held . . . ." (our emphasis). The court's failure to hold a detention hearing, along with the other violations, constitutes a clear denial of the appellant's basic right to proper adjudication as set forth in the Navajo Children's Code.

C

Courts use preliminary hearings to determine whether there is adequate evidence to bring a case to trial. The appellant's preliminary hearing was held on February 25, 1986. The court asked the appellant to plead to the charges at his preliminary hearing, without first affording him the assistance of counsel, or even the advice of a parent or guardian. We cannot expect a lone 13-year-old minor to know enough about judicial proceedings to protect his interests in such a situation. We hold that, in accordance with the Navajo Children's Code, a preliminary hearing must be held in a juvenile proceeding of delinquency within 10 days after a petition is filed if the child is in detention. 9 N.T.C. § 1105(b) (l) (1985 Cumm. Supp.). We further hold that in a proceeding alleging the delinquency of a child under the Navajo Children's Code, the child has the right to be represented by an attorney. 9 N.T.C. § 1107(j) (1985 Cumm. Supp.); 9 N.T.C. § 1181 (1977). The United States Supreme Court has held that, "[t]he juvenile needs the assistance of counsel to cope with problems of law, to make skilled inquiry into the facts, to insist upon regularity in the proceedings, and to ascertain whether he had a defense and to prepare and submit it." *In re Gault*, 387 U.S. 1, 36 (1967). If the child or the child's parents or guardian cannot afford an attorney, the court will appoint one to represent the child. 9 N.T.C. § 1107(j) (1985 Cumm. Supp.). In this case, we additionally hold that the Navajo Nation denied

the appellant the right to have his parent present at his February 25, 1986 preliminary hearing. *See* 9 N.T.C. § 1107(f); 9 N.T.C. § 1180 (1979).

## III

In Navajo society, children are precious above all else. You are blessed if you have children, regardless if one begins to drift away from the home and family. When Navajo children are in the eye of the public, they are not allowed to take part in any serious discussions; not because they have nothing to contribute, but because they have not developed the maturity needed to discuss serious matters. A parent or guardian protects his or her child's rights because he or she is responsible for that child. Because there is such a strong sense within Navajo society of children being precious, their rights are customarily protected to the same extent as are the rights of adults.

We hold that due process in juvenile proceedings must be followed as in adult criminal and civil proceedings. However, in juvenile proceedings the Navajo courts must respect the customary role of the parents in defending their child's rights. Therefore, the Navajo Children's Courts must afford notice and an opportunity to present and defend their child's position to the child's parent or guardian. As this Court said in *Begay v. Navajo Nation*: "Navajo customary due process is carried out with fairness and respect." 6 Nav. R. 20, 24 (1988). As such, the parent or guardian must be available to represent the child or to assist the child's counsel in a delinquency proceeding.

We hold that the Navajo Nation denied the appellant due process by (1) not giving him or his parent notice sufficiently in advance of his February 25, 1986 preliminary hearing to allow him an opportunity to prepare his defense; (2) not giving written notice to the appellant's parent of his February 25, 1986 preliminary hearing; and (3) not allowing, as customary Navajo proceedings would demand, the appellant's parent or guardian to present and defend the appellant's position and to assist the child's counsel.

## IV

We hold that the Navajo Children's Courts must carefully follow the procedural guidelines as set forth in the Navajo Children's Code. Specifically, that the detention of juveniles must be in a facility designated and certified by the Children's Court, that a detained juvenile has the right to a detention hearing as set forth in the Children's Code, and that the child and parent or guardian must have all their rights explained to them at all phases of the juvenile proceeding, especially the juvenile's right against self-incrimination. In addition, we hold that a juvenile in a delinquency proceeding has the right to representation by an attorney, that Navajo customary due process applies in juvenile proceedings to the same extent as it is applied in adult proceedings, and that customary Navajo practice demands a parent or guardian be notified of and be allowed to speak for the

child in juvenile proceedings or to assist the attorney in preparing the child's case.

The writ of habeas corpus is hereby granted. These charges, CH-DL-24-86, CH-DL-25-86, CH-DL-26-86, and CH-DL-27-86, filed against this child in the Chinle Children's Court are dismissed.